Tagged opinion



**ORDERED in the Southern District of Florida on August 25, 2017.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                         CASE NO. 16-19400-LMI

DAVID LAWRENCE STONE,                          CHAPTER 13

     Debtor.
_____/

### ORDER DETERMINING DEBTOR IS ELIGIBLE FOR CHAPTER 13 RELIEF

This matter came before the Court on May 23, 2017, on the Debtor, David Stone's, Objection to Claim No. 6 filed by Jorge Alberto Echandia Tobon (ECF #50) (the "Echandia Claim Objection") and Objection to Claim No. 5 filed by Abraham Vaisberg (ECF #53) (the "Vaisberg Claim Objection" and, together with the Echandia Claim Objection the "Claims Objections").  The parties seem to have agreed that the purpose of the May 23, 2017 hearing was to determine the Debtor's eligibility to be a debtor under Chapter 13 of the Bankruptcy Code, but not to serve as an ultimate determination of the amount and allowability of the two claims at

issue[1]. For the reasons set forth below, the Court finds that the Debtor is eligible for Chapter 13 relief because, based on the evidence presented at the evidentiary hearing, the two claims at issue are unliquidated.

## BACKGROUND

David Stone (the "Debtor"), Jorge Alberto Echandia Tobon ("Echandia"), Abraham Vaisberg ("Vaisberg"), and others have been embroiled in litigation for several years arising out of Stone's alleged fraud, misrepresentation and breach of contract relating to three companies in which the Debtor is apparently a 50% shareholder. The three companies, all with operations in Latin America (although one is a Florida corporation), were involved in lawsuits in Colombia, which lawsuits could, and actually did, generate recoveries in favor of the three companies (the "Colombian Litigation").

In evidence, and central to this dispute, is an undated contract between the Debtor and Vaisberg which also includes Echandia as a party, although Echandia never signed the contract (the "Contract"), which Contract addresses the distribution of the net proceeds of the Colombian Litigation. There were, in fact, recoveries in the Colombian Litigation, but, according to Vaisberg and Echandia, the Debtor did not distribute the proceeds in the manner agreed upon in the Contract. At some point in 2012,[2] a Harry Gorlovezky filed a lawsuit against the Debtor and American Cellular & Communications Corp. ("ACC"), a Florida corporation, one of the three companies involved in the Colombian Litigation (the "State Court Litigation"). Ultimately a receiver, Israel Reyes (the "State Court Receiver"), was appointed to oversee the collection by ACC of the proceeds of the Colombian Litigation. Although initially the State Court Receiver

---

[1] If the May 23, 2017 evidentiary hearing was intended to be more then, based on the reasoning set forth in this opinion, the claims would have to be disallowed.
[2] This date is based on the Case Number of the State Court Lawsuit- 12-40571 CA 25.

was appointed on a limited basis, ultimately the State Court Receiver was given complete authority over ACC in connection with a March 2014 sanctions order which the Court will describe more fully later in this opinion.

The Debtor filed this Chapter 13 case on July 1, 2016 (the "Petition Date"). On September 9, 2016, Vaisberg filed a claim in the amount of $1,247,246.00 (Claim No. 5)(the "Vaisberg Claim") and Echandia filed a claim in the amount of $370,000.00 (Claim No. 6)(the "Echandia Claim").  On September 11, 2016 the State Court Receiver filed an Objection to Confirmation (ECF #48), arguing, *inter alia,* that the Debtor is ineligible for Chapter 13 because the amounts of the Vaisberg Claim and the Echandia Claim (collectively the "Claims"), without consideration of other claims filed, exceed the chapter 13 eligibility limits.  The Debtor then filed the Claims Objections.

## ANALYSIS
### The Debtor is eligible to be a chapter 13 debtor because the Claims are unliquidated.

In order for the Debtor to be eligible as a chapter 13 debtor, on the Petition Date the Debtor must have owed noncontingent, liquidated, unsecured debts of less than $394,725.00. 11 U.S.C. §109(e). The Debtor argues that the amounts owed to Vaisberg are subject to setoff and a dispute regarding calculation, and the amount owed to Echandia, if any, is also subject to a dispute regarding calculation, and therefore the Claims are unliquidated.  Vaisberg and Echandia counter that the calculation of their respective claims are straightforward because the amounts of the judgments rendered in the Colombian Litigation are fixed and the percentage of the recovery to which they are entitled to respectively is set forth in the Contract.

As the Court outlined in some detail in *In re Perez*, 400 B.R. 879, 883-884 (Bankr. S.D. Fla. 2008)

> An unliquidated claim is a debt in which the amount is uncertain.
>
> A liquidated debt is that which has been made certain as to amount due by agreement of the parties or by operation of law. Therefore, the concept of a liquidated debt relates to the amount of liability, not the existence of liability. If the amount of the debt is dependent, however, upon a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated.

*In re Verdunn*, 89 F.3d at 802 (internal citations omitted).

> [I]t is well-settled that whether a debt is "liquidated" turns on whether the amount is "readily determinable":
>
> * * *
>
> The amount of debt is readily determinable only if the process of determining the claim is fixed, certain, or otherwise determined by a specific standard.... On the other hand, if the value of the claim depends on a "future exercise of discretion, not restricted by specific criteria, the claim is unliquidated."

*In re Adams,* 373 B.R. 116, 119–120 (10th Cir. BAP 2007) (internal citations omitted). *See also In re McGovern,* 122 B.R. 712, 715 (Bankr.N.D.Ind.1989) ("[A] claim is unliquidated when the finder of fact must rely upon its judgment to establish an appropriate amount to compensate for past and future injury.")

In this case, the amounts of the Claims have not been established and are subject to further determination based on either this Court, or the state court, exercising its discretion with respect to several disputed factors. The Debtor argues that the percentages in the Contract apply only to the portion of the net recovery paid or payable to the Debtor and not, as Vaisberg and Echandia argue, to the total recovery from the Colombian Litigation paid to the three companies. The Court finds when reviewing the entire agreement that it is clear the Contract is an agreement by the Debtor regarding how he will distribute his 50% share of the net proceeds recovered in the Colombian Litigation. Those proceeds are only reduced by costs. Paragraph 4[3] states

> [W]ith regard to the results of the proceeding whether by judgment or out-of-court arrangement, the attorney and other costs and fees will first be paid, and the balance will then be distributed as follows:

---

[3] This is the English translation. The Contract is in Spanish.

| | |
|---|---|
| [J.E.][4] | 50% |
| David Stone | 30% |
| Abraham Vaisberg | 13% |
| Jorge A. Echandia Tobon | 7% |

However, a second significant factor left open is what is the net recovery - based on the evidence presented there appear to be unresolved litigation costs arising from the Colombian Litigation.  Vaisberg and Echandia argue the percentage should be applied to the gross proceeds of the Colombian Litigation, which, as the Contract clearly states, is not the case.  Since there was no evidence at trial as to what are the net proceeds, then the Claims are unliquidated.

Moreover, there are more issues that cause the Claims to be unliquidated.  The Debtor argues that Vaisberg owes him almost $300,000.00 which, if true, would reduce any amounts that the Debtor may owe Vaisberg.  Echandia never signed the Contract. The Debtor filed a memo from an attorney in Colombia addressing the consequences of Echandia's failure to sign the Contract.  The Court notes that the memo suggests that, since Echandia did not sign the Contract, he is not entitled to assert any rights thereunder[5].  If that is the case then, the Echandia Claim should be stricken, but the memo from the attorney in Colombia seems to equivocate somewhat as to this ultimate conclusion.

Vaisberg and Echandia cite to various events in the State Court Litigation, including an Order on Plaintiff's *Emergency* Verified Motion to Appoint Receiver, for Injunctive Relief, to Strike Stone's Pleadings and for the Imposition of Sanctions entered in the State Court Litigation on March 27, 2017 (the "Sanctions Order").  In that Sanctions Order, the state court judge penalized the Debtor and his attorney for failing to deposit approximately $780,000.00 of gross

---

[4] Initials are substituted for names for those who are not parties to this dispute.
[5] Vaisberg and Echandia did not seek to strike that memo.

proceeds from the Colombian Litigation that should have gone to ACC into the ACC bank account or to take the proper steps to make sure third parties did so.  Instead, according to the Sanctions Order, in violation of the state court's prior orders, the Debtor used those funds to pay litigation expenses.  As a consequence, the state court gave the State Court Receiver full control over ACC and the Colombian Litigation, and ordered sanctions in the form of attorney fees and costs (as well as reserving on additional sanctions).  However, the Sanctions Order does not hold, as Vaisberg and Echandia argue, that the Debtor absconded with those funds.  Moreover, neither Vaisberg nor Echandia have provided any explanation, nor was there any evidence presented, that ties the State Court Litigation to the Claims.

## CONCLUSION

Based on the foregoing, the Court finds that the Claims are unliquidated and that the Debtor is eligible to be a chapter 13 debtor.  Thus, it is ORDERED as follows:

1. The Claim Objections are sustained for the limited purposes set forth herein.

2. The parties are directed to confer and then submit a scheduling order laying out all deadlines including discovery deadlines necessary and related to an evidentiary hearing to determine the actual amounts of the claims.

3. If the State Court Litigation is adjudicating the validity of the claims between Vaisberg and Echandia on the one hand and the Debtor on the other, the parties are directed to immediately advise the Court to determine whether it is appropriate for this Court to abstain from the quantification of the Claims.  Nothing herein is intended to or shall constitute any adjudication regarding the State Court Action, including the appointment of the State Court Receiver, except as may be specifically set forth in this order.

# # #

Copies furnished to:
Michael Frank, Esq.
Luis Salazar, Esq.

     Attorney Frank shall serve a copy of this Order upon all parties in interest and file a certificate of service with the Clerk of Court.